# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOYA C. BROWN,<br><br>　　Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.,<br><br>　　Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:21-cv-03673<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES** Toya C. Brown ("Plaintiff"), by and through her attorneys, complaining as to the conduct of Hunter Warfield, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and a substantial portion of events or omission giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age and who is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

1

5. Defendant is a corporation that uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Illinois. Defendant maintains its principal place of business at 4620 Woodland Corporate Blvd., Tampa, Florida 33614.

6. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the state of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

7. In December 2020, after moving out of her unit at Dynasty Properties in Calumet City, Plaintiff was charged a balance of $2,200 ("alleged debt") for back rent the landlord claims was due to Plaintiff renewing her lease. However, Plaintiff never agreed to a renewal or signed anything indicating she planned on renewing her existing lease.

8. Sometime after moving out, Defendant acquired the right to collect on the allegedly defaulted debt.

9. In April 2021, Defendant began placing phone calls to Plaintiff's cellular phone in an attempt to collect on the alleged debt. Defendant also began placing calls to Plaintiff's husband's cellular phone sometime in April to collect on the alleged debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number (708) XXX-8741.

11. Plaintiff and her husband explained to Defendant that they never renewed their lease with the property company and to stop calling them.

12. In early June, 2021, Plaintiff received a call from Defendant while she was at work. She saw the call but did not answer as she was at her place of employment and could not take personal calls while on her work shift.

13. Plaintiff then received *another* call from Defendant during that same work shift, but Plaintiff again did not answer.

14. Defendant followed up with a *third* call during the same work shift prompting Plaintiff to answer and tell Defendant she is at work and demanded Defendant stop calling her cellular phone once again.

15. Notwithstanding Plaintiff's request that Defendant cease contacting her, Defendant continued its phone harassment campaign by placing multiple calls per day, and by placing calls on back-to-back days, including during times at which Defendant knew Plaintiff was at work.

16. Additionally, Plaintiff's husband, who expressed to Defendant that he no longer wanted to receive calls to his cellular phone, continued to receive the same high volume of harassing phone calls his wife has received.

17. Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to (833) 669-0171, (833) 669-0172 and (833) 669-0173.

18. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from April 2021 through the present day in an attempt to collect on a debt that does not belong to the Plaintiff.

19. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**DAMAGES**

20. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

22. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(3), d, d(5) and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

32. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after Plaintiff demanded that it cease contacting her and her husband was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

33. Furthermore, Defendant has relentlessly called Plaintiff and her husband on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of irritating and harassing them.

34. Defendant violated §1692c(a)(3) when it called Plaintiff while she was at her place of employment when the Defendant knew it was inconvenient for her to receive calls during her work hours.

35. Defendant knew or should have known that Plaintiff is unable to answer calls while she is at work, yet Defendant repeated its harassing tactics by calling Plaintiff two or three times a day while she was at her play of employment.

36. Defendant was notified by Plaintiff that its calls were unwelcomed and harmful. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

b. **Violations of FDCPA § 1692d**

37. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the alleged debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were unwelcomed.

39. Moreover, despite Plaintiff's pleas to end the calls, Defendant ignored her requests, and continued to place unsolicited calls to her cellular phone with the intent to annoy, abuse, and harass Plaintiff into making a payment on the alleged debt.

40. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

c. **Violations of FDCPA § 1692f**

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff on her cellular phone attempting to collect the alleged debt. Defendant repeatedly attempted to coerce Plaintiff into making a payment through harassing tactics such as calling multiple times per day and back-to-back days. These means employed by Defendant only served to harass and cause distress to Plaintiff.

42. Defendant had been told multiple times to stop calling Plaintiff in regards to the subject debt. Nevertheless, Defendant persisted with its harassing calling campaign in contacting the Plaintiff, and knew that its conduct was inconvenient and harassing to Plaintiff.

43. Upon information and belief, Defendant systematically attempts to collect debts through harassing and misleading conduct and has no procedures in place to assure compliance with the FDCPA.

44. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff TOYA C. BROWN respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoin Defendant from further contacting Plaintiff;

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 12, 2021                                Respectfully Submitted,

/s/ Omar T. Sulaiman
/s/ Marwan R. Daher
Omar T. Sulaiman. Esq.
Marwan R. Daher Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com